**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KAREN BALLARD**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PRECIPIO, INC.**,<br><br>Defendant. | Case No.: 3:26-cv-00656 |
| **REBECCA MCKINNEY**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PRECIPIO, INC.**,<br><br>Defendant. | Case No.: 3:26-cv-00687 |

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL

WHEREFORE, upon review of Plaintiffs' Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel (the "Motion"), and for good cause shown, the Motion is hereby **GRANTED** and the Court **ORDERS** as follows:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court consolidates *Ballard v. Precipio, Inc.*, No. 3:26-cv-00656 (D. Conn.) and *McKinney v. Precipio, Inc.*, No. 3:26-cv-00687 (D. Conn.) (the "Related Actions") into the lowest docketed case, *Ballard v. Precipio, Inc.*, No. 3:26-cv-00656 and

under the new caption, *In re Precipio Inc. Data Security Litigation* (the "Consolidated Action").

2. No further filings shall be made in Case No. 3:26-cv-00687, which shall be administratively closed. All pleadings therein shall maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within **forty-five (45) days** of the entry of this Order, as further set forth below.

3. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

4. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

5. Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within **ten (10)** calendar days. If the Court determines that the case is related, the clerk shall:

a) Place a copy of this Order in the separate docket for such action;

b) Serve on Plaintiff's counsel in the new case a copy of this Order;

c) Direct this Order to be served upon Defendant in the new case; and

d) Make the appropriate entry on the Master Docket.

6. The Court hereby sets the following briefing schedule for the Consolidated Action:

a) Plaintiffs shall file a Consolidated Complaint within forty-five (45) days of the date of this Order.

b) Defendant shall have forty-five (45) days from the date Plaintiffs file the Consolidated Complaint to file a response thereto.

c) In the event Defendant's response is a motion to dismiss or a motion to compel

arbitration, Plaintiffs shall have thirty (30) days to file their opposition brief, and Defendant shall have twenty-one (21) days to file a reply brief.

**IT IS HEREBY FURTHER ORDERED:**

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby appoints: Leanna A. Loginov of Shamis & Gentile, P.A., and Nicholas A. Migliaccio of Migliaccio & Rathod LLP as Interim Co-Lead Class Counsel.

8. Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties, and sole authority to:

a) Draft and file a master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b) Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c) Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the rules of this Court;

d) Consult with and employ consultants and/or expert witnesses;

e) Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f) Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g) Enter into stipulations and agreements with Defendant;

h) Sign all papers filed on behalf of Plaintiffs and the putative class;

i) Convene meetings of all Plaintiffs' counsel, as necessary;

j) Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k) Conduct settlement negotiations with Defendant;

l) Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m) Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendant's counsel or the Court;

n) Appear at Court-noticed status conferences and hearings;

o) Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p) Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q) Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r) Maintain and collect time and expense records for work performed, time billed, costs incurred, and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at

the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action;

s) Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t) Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these related cases—and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class—pretrial proceedings shall be conducted by and through Interim Co-Lead Class Counsel.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not facially be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the

Consolidated Action, and to conduct themselves in a manner consistent with the rules of the United States District Court for the District of Connecticut.

**SO ORDERED.**

Dated: June 8, 2026
Hartford, Connecticut

/s/ Vernon D. Oliver
VERNON D. OLIVER
United States District Judge